IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| COURTNEY LEWIS, #1817692 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv167 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Courtney Lewis, a prisoner confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging his Denton County conviction for the offense of possession of a controlled substance with intent to deliver. The case was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be denied. Petitioner has filed objections.

Magistrate Judge Nowak concluded that the petition is time-barred by the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Petitioner was convicted after a jury trial on April 17, 2012. On March 6, 2014, the conviction was affirmed. *Lewis v. State*, No. 07-12-00172-CR, 2014 WL 931254 (Tex. App. -Amarillo, no. pet.). Petitioner filed a petition for discretionary review, but it was dismissed as untimely. *Lewis v. State*, No. PD-0564-14 (Tex. Crim. App. June 4, 2014). His conviction became final on April 5, 2014, when the time for filing a petition for discretionary review expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by expiration of time for filing further appeals). The present petition was due no later than one year later on April 5, 2015, in the absence of tolling provisions. Petitioner did not properly file an application for a writ of habeas corpus in state court until October 2015, but the pendency of the application did not effectively toll the deadline because the limitations period had already expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner did not file the present petition until February 25, 2016, which was too late.

1

In his objections, Petitioner acknowledges that his petition for discretionary review was not filed in a timely manner. He argues, however, that his conviction became final when the mandate was issued. The Fifth Circuit has rejected the argument. *Roberts*, 319 F.3d at 694-95 (finality determined by the expiration of time for filing further appeals, as opposed to when the mandate was issued). *See also Gonzalez v. Thaler*, 623 F.3d 222, 224-26 (5th Cir. 2010) (same). The objection lacks merit.

Petitioner further argues that he is entitled to proceed with the case because he exhausted his state remedies. Exhaustion is a separate issue from whether a petition was timely filed. In conjunction with this argument, he mentions a miscarriage of justice. The Fifth Circuit has rejected arguments based on the miscarriage of justice exception that were raised in the context of the statute of limitations. *Fierro v. Cockrell*, 294 F.3d 674, 684 n.17 (5th Cir. 2002). Moreover, in order to succeed on an argument focusing on a miscarriage of justice, Petitioner must show that he was actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Petitioner has not satisfied this requirement. He has offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a petition for a writ of habeas corpus. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Overall, Petitioner's objections lack merit.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this 30th day of November, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE